**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
Alison L. Mangiatordi (AL 1020)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800
www.PeltonGraham.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ESTHER DANIEL, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**PROSPECT HALL CATERERS, INC. d/b/a THE GRAND PROSPECT HALL, MICHAEL HALKIAS and ALICE HALKIAS, Jointly and Severally,**<br><br>**Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Esther Daniel ("Daniel" or the "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## I.   NATURE OF THE ACTION

1.      Plaintiff was a cook for Defendants' event and catering hall located in Brooklyn, New York.

1

2.      While Plaintiff and other kitchen employees often worked overtime in preparation for and during weeks where there were multiple or large events, Defendants paid Plaintiff and other kitchen employees on an hourly basis at straight time rates for all hours, without paying overtime premiums at time and a half their regular hourly rate for hours worked in excess of forty (40) in a given workweek. These practices violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*

3.      For such overtime violations, Plaintiff brings an FLSA unpaid overtime claim individually and on behalf of all other similarly situated employees under the collective action provisions of the FLSA. 29 U.S.C. § 216(b).

4.      Defendants also failed to provide Plaintiff and similarly situated employees with a wage notice at the time of hiring or on February 1 of each subsequent year or with wage statements with their wage payments, in violation of Article 6 of the NYLL §§ 190 *et seq.*

5.      Finally, Defendants failed to pay spread-of-hours premium pay to Plaintiff and similarly situated employees on days where Plaintiff and other employees worked a shift or split-shift in excess of ten (10) hours, in violation of NYLL and the regulations promulgated thereunder.

6.      Plaintiff Daniel brings her NYLL overtime wage, wage notice, wage statement and spread-of-hours claims on behalf of herself and a Federal Rule of Civil Procedure 23 ("Rule 23") class of all kitchen employees working for Defendants in New York.

## II.  JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

8.      In addition, the Court has jurisdiction over Plaintiff's claim under the FLSA

pursuant to 29 U.S.C. § 216(b).

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district and Defendants' business is located in this district.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.   THE PARTIES

**A.    Plaintiff:**

11.     Plaintiff Daniel has been, at all relevant times, an adult individual residing in Kings County, New York.

12.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and her written consent form is attached hereto and incorporated by reference.

**B.    Defendants:**

13.     Defendant Prospect Hall Caterers, Inc. d/b/a The Grand Prospect Hall ("Grand Prospect Hall" or the "Corporate Defendant") is an active New York Business Corporation and, according to the New York State Department of State Division of Corporations, maintains a principal executive office at 240-76th Street, Brooklyn, NY 11209.

14.     Defendant Michael Halkias ("M. Halkias") is an owner and/or officer of Prospect Hall.

15.     According to the New York State Department of State Division of Corporations, Defendant M. Halkias is the Chief Executive Officer of Prospect Hall.

16.     Defendant Alice Halkias ("A. Halkias" and together with M. Halkias, the "Individual Defendants" and collectively with the Corporate Defendant, the "Defendants") is an

owner and/or officer of Grand Prospect Hall.

17.     The Individual Defendants have been the owners, directors, officers and majority shareholders of Corporate Defendant throughout the Class and Collective Action Periods.

18.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously in their direction and control of Plaintiff and Defendants' other similarly situated employees.

19.     The Individual Defendants set Plaintiff's terms and conditions of employment and were responsible for Defendants' failure to pay all required overtime premium pay and spread-of-hours pay as well as Defendants' failure to provide wage notices and wage statements.

20.     Based upon their role directing and controlling Plaintiff and Defendants' other employees, the Individual Defendants are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and as such they are jointly and severally liable with Corporate Defendant.

21.     Upon information and belief, the Individual Defendants were involved in the direct supervision and control of Defendants' employees, had the power to hire and fire employees, determined the rate and method of employee pay and maintained Defendants' payroll records.

22.     At all relevant times, the Corporate Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

24.     At all relevant times, Defendants employed and/or continue to employ Plaintiff and each Collective Action Member within the meaning of the FLSA, 29 U.S.C. § 203(d).

25.     All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

### IV.   COLLECTIVE ACTION ALLEGATIONS

26.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff Daniel brings her First Cause of Action as a collective action under the FLSA on behalf of herself and the following collective:

> All persons employed by Defendants at any time since January 10, 2014 and through the entry of judgment in this case (the "Collective Action Period") who worked as kitchen employees at Grand Prospect Hall (the "FLSA Collective" or "Collective Action Members").

27.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies including, but not limited to, paying Plaintiff and other similarly situated employees a straight-time hourly rate without paying at time and a half their regular hourly rate for hours worked in excess of forty (40) in a given workweek. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally required overtime premium payments for hours worked in excess of forty (40) per week.

28.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, compensation structure.

### V.   NEW YORK CLASS ACTION ALLEGATIONS

29.     Pursuant to the NYLL, Plaintiff brings her Second through Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class:

> All persons employed by Defendants in New York at any time since January 10, 2011 and throughout the entry of judgment in this case (the "Class Period") who worked as kitchen employees at Grand Prospect Hall (the "Class Members").

30.     The Class Members are readily ascertainable.  The number and identity of the Class

Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

31.     The Class Members are so numerous that joinder of all members is impracticable. Although the precise number of Class Members is unknown to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

32.     Upon information and belief, there are in excess of forty (40) Class Members.

33.     Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting the individual members of the Class. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include, but are not limited to:

a.     whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b.     whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums when they worked more than forty (40) hours in a given workweek;

c.     whether Defendants' policy of failing to pay workers overtime premiums was instituted willfully or with reckless disregard of the law;

d.     whether Defendants failed to provide Plaintiff and the Class Members with a proper wage notice at the beginning of their employment and/or on February 1 of each year, as required by the NYLL;

e.     whether Defendants failed to provide Plaintiff and the Class Members with a proper wage statement with their wages, as required by the NYLL;

f.     whether Defendants failed to pay Plaintiff and the Class Members an extra hour of pay at minimum wage for days in which Plaintiff and the Class Members worked a shift or split-shift of ten (10) or more hours;

g.     whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

h.     whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

34.     The answers to these questions would drive resolution of the litigation.  If a judge and/or jury agrees with Plaintiff on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

35.     The Plaintiff's claims are typical of the Class Members' claims. The Plaintiff, like all Class Members, was an employee of Defendants who worked for Defendants pursuant to their corporate policies. The Plaintiff, like all Class Members, was, *inter alia*, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, was not provided with wage notices on the date of her being hired or on February 1 of each subsequent year, was not provided with wage statements and was not paid spread-of-hours pay throughout her employment with Defendants. If Defendants are liable to the Plaintiff for the unpaid overtime wages, wage notice, wage statement and spread-of-hours claims enumerated in this Complaint, they are also liable to all Class Members.

36.     The Plaintiff and her Counsel will fairly and adequately represent the Class. There are no conflicts between the Plaintiff and the Class Members, and the Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover her own damages.

37.    Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

38.    <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

39.    Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against Corporate Defendant. The individual members of the class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## VI.  STATEMENT OF FACTS

### A.    Defendants' Event and Catering Hall

40.    At all relevant times, Defendants have been in the event and catering business.

41.    According to Defendants' website, "The Grand Prospect Hall, located for more than a century in Brooklyn's historic Park Slope. Once, a wealthy and cosmopolitan Victorian society held court in this dazzling French Renaissance-style palace. Experience 1890s glamour, from the moment your guests make their entrance into a soaring gilded and marble lobby that recalls all the splendor of Versailles. Feast, dance and romance among ballrooms resplendent with a magnificent art and antiques collection, sparkling chandeliers, fabulous floral displays and rococo detailing. Your event, whether for 75 or 2000, for business or pleasure, will have all the pomp and circumstance, all the lavish spectacle of bygone gentility. Here is where ordinary people come to feel extraordinary, and the famous come to feel like stars. Let us make your dreams come true." (http://www.grandprospecthall.com).

42.     Upon information and belief, Defendants applied the same employment policies, practices and procedures, including the unlawful policies complained of herein, to all kitchen employees.

43.     Upon information and belief, the Individual Defendants take an active role in ensuring that Grand Prospect Hall is run in accordance with their procedures and policies. To that end, the Individual Defendants maintain an office at Grand Prospect Hall's main building at 263 Prospect Avenue Brooklyn, NY, where they are both present at the office nearly every day and are in charge of hiring and firing, supervising, determining the hours worked by, and handling payroll for, the kitchen employees.

**B.     Plaintiff's Work for Defendants**

44.     <u>Plaintiff Daniel</u> worked for Defendants from in or around 2008 through on or about December of 2016 (the "Daniel Employment Period") as a cook.

45.     Throughout the Daniel Employment Period, Daniel' shifts would vary depending on the number and size of parties being thrown each week, however, she would typically work eight to ten (8-10) hours per day if she was preparing for a party and twelve to fifteen (12-15) hours per day on the day of a party, for a total of approximately forty-two to sixty (42-60) hours in a given workweek.

46.     From the beginning of the Daniel Employment Period through in or around May 2016, Daniel was paid a straight-time hourly rate of twelve dollars ($12) per hour for all hours worked, even those in excess of forty (40) in a week. From in or around May 2016 until the end of the Daniel Employment Period, Daniel was paid a straight-time hourly rate of fourteen dollars ($14) per hour for all hours worked, even those in excess of forty (40) in a week.

47.     Daniel and Defendants' other kitchen employees were all paid on a straight-time

hourly basis without overtime premium pay equal to one and one-half (1.5) times their regular hourly rate for hours worked in excess of forty (40) in a given week.

48.     Daniel and Defendants' other kitchen employees kept track of their time by punching in and out on a timeclock.

49.     Throughout the Class Period, Daniel and Defendants' other kitchen employees were always paid by check or cash, without any breakdown of hours worked or hourly rate, once a week.

50.     Daniel and Defendants' other kitchen employees were never provided with a wage statement with their pay.

51.     Defendants failed to provide Plaintiff and the Class Members with proper wage notices at their time of hire or on February 1 of each year.

52.     While they often worked in excess of ten (10) hours in a given day, Daniel and Defendants' other kitchen employees never received spread-of-hours pay of an extra hour at minimum wage for these days.

## VII.    CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought On Behalf of Plaintiff and the Collective Action Members)**

53.     Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54.     By failing to pay Plaintiff and the Collective Action Members overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C.

§§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

55.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought On Behalf of Plaintiff and the Class Members)**

57.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58.     During the period of time that Plaintiff and the Class Members were employed by Defendants, they performed work for which they were not compensated in violation of the provisions of the NYLL.  Specifically, Defendants violated the NYLL by failing to pay overtime wages for hours worked over forty (40) to Plaintiff and the Class Members.

59.     Defendants willfully violated Plaintiff's and the Class  Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) per week, in violation of the NYLL and regulations promulgated thereunder.

60.     Defendants' failure to pay overtime caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover

from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et al.

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – WAGE NOTICE VIOLATIONS**
**(Brought On Behalf of Plaintiff and the Class Members)**

61.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

63.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for

12

by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – WAGE STATEMENT VIOLATIONS**
**(Brought On Behalf of Plaintiff and the Class Members)**

64.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing Plaintiff's overtime rate or rates of pay if applicable; and an accurate count of the number of hours worked, including overtime hours worked if applicable.

66.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants one hundred dollars ($100.00) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought On Behalf of Plaintiff and the Class Members)**

67.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

69.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.     An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

e.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of the Defendants' willful failure to pay overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

h.      An award of compensatory damages as a result of Defendants' failure to pay spread-of-hours premiums pursuant to the NYLL and supporting regulations;

i.      Fifty dollars ($50) per Plaintiff and each of the NYLL Wage Notice Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the NYLL Wage Notice Class Members as provided for by NYLL, Aritlce 6 § 198(1)-b;

j.      One Hundred dollars ($100.00) per Plaintiff and each Class Member for each workweek that the violations of the wage statement provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) per Plaintiff and each Class Member as provided for by NYLL, Article

6 § 198(1-d);

k.      An award of prejudgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable attorneys'

        and expert fees; and

m.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.


Dated: New York, New York
       January 10, 2017

                                    Respectfully submitted,

                                    **PELTON GRAHAM LLC**

                                    By: _____

                                    Brent E. Pelton (BP 1055)
                                    pelton@peltongraham.com
                                    Taylor B. Graham (TG 9607)
                                    graham@peltongraham.com
                                    Alison L. Mangiatordi (AL 1020)
                                    mangiatordi@peltongraham.com
                                    111 Broadway, Suite 1503
                                    New York, New York 10006
                                    Telephone: (212) 385-9700
                                    Facsimile: (212) 385-0800

                                    *Attorneys for Plaintiff and the putative*
                                    *FLSA Collective and Class*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of The Grand Prospect Hall, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me prevailing wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct.  I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.  I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees.  I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first.  I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf.  I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.


_____          _____
Signature                                               Printed Name