# jackson|lewis

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (212) 545-4073
MY EMAIL ADDRESS IS: MELLKW@JACKSONLEWIS.COM

August 11, 2017

**VIA ECF**

Honorable Ramon E. Reyes, Jr.
Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room N208
Brooklyn, New York 11201

          Re:    **Daniel v. Prospect Hall Caterers, Inc. et al**
                    **17-cv-00139 (JBW)(RER)**

Dear Judge Reyes:

      We are counsel for Defendants in the above referenced matter. We write with regard to the submission of the Settlement Agreement for the Court's review. As the Court is aware, the parties have agreed to resolve Plaintiff Daniels' claims under the Fair Labor Standards Act ("FLSA"). Plaintiff Daniels has agreed to, and executed a Settlement Agreement which initially was drafted by Defendants' counsel and reviewed by Plaintiff's counsel. A copy of the Agreement executed by Plaintiff is attached hereto. However, the Defendants have not yet been able to review or execute the agreement as they are out of the country on an overseas vacation until the end of August. The undersigned is attempting to contact them to gain their approval to the agreement and will continue to do so. Accordingly, Defendants respectfully request additional time to submit a fully executed Settlement Agreement to the Court for the Court's review. With the Court's permission, we will inform the Court of the status of this matter next Friday, August 18, 2017.

      We appreciate Your Honor's attention to this matter.

                                                  Respectfully submitted,

                                                  JACKSON LEWIS P.C.

                                                  */s/ Wendy J. Mellk*

                                                  Wendy J. Mellk

**jackson|lewis**

Enclosures
cc:     All counsel (via ECF)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ESTHER DANIEL, Individually and on
Behalf of All Others Similarly Situated,

                                       Plaintiff,

-against-

PROSPECT HALL CATERERS, INC. d/b/a
THE GRAND PROSPECT HALL,
MICHAEL HALKIAS and ALICE
HALKIAS, Jointly and Severally,

                                      Defendants.

Civ. No.: 17-CV-000139
(JBW) (RER)

## SETTLEMENT AGREEMENT AND RELEASE

      WHEREAS, Esther Daniel (referred to hereinafter as "Plaintiff"), and Prospect Hall Caterers, Inc. d/b/a The Grand Prospect Hall, Michael Halkias and Alice Halkias ("Defendants") desire to resolve, settle and agree to dismiss with prejudice all claims and all issues raised in or by (or which could have been raised in) the Complaint in the above-captioned action (the "Lawsuit"), without further litigation or adjudication;

      WHEREAS, the Plaintiff and Defendants, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, now desire to avoid further litigation and, by this Agreement, intend to resolve Plaintiff's claims under the Fair Labor Standards Act and the New York Labor Law raised in the Lawsuit, and any and all wage-related claims arising under federal or state statutory or common law, including claims of retaliation;

      WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's pleadings in the Lawsuit, or otherwise relating to the lawsuit captioned above, and in any other proceeding commenced by, in behalf of or involving Plaintiff and in any other document or statement whatsoever;

      WHEREAS, a bona fide dispute exists as to Plaintiff's claims for unpaid wages;

      WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Settlement Agreement and Release (hereinafter "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies,

practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit between Plaintiff and Defendants, shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Final Dismissal with Prejudice to be executed by counsel for Plaintiff and Defendants, as set forth below.

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1. **Definition of Parties.**

    (a)    "Plaintiff" shall be defined to include, but is not limited to, Esther Daniel and all presently or formerly affiliated persons or entities, including, but not limited to, Ms. Daniel's present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Ms. Daniel personally, she will be referred to as "Ms. Daniel" or "Plaintiff."

    (b)    "Defendants" shall be defined to include Defendants Prospect Hall Caterers, Inc. d/b/a The Grand Prospect Hall, Michael Halkias and Alice Halkias and all presently or formerly related persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, affiliates, investors, divisions, employee benefit plans, purchasers of assets or stocks, board members, insurers, joint ventures, partners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity. If an obligation or right is that of Prospect Hall Caterers, Inc. d/b/a The Grand Prospect Hall, said entity will be referred to as "The Grand Prospect Hall".

2. **Plaintiff's Commitments.**

    In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees as follows:

    (a)    Plaintiff, by her counsel, will execute all documents, including, but not limited to, the Stipulation and Order of Final Dismissal with Prejudice ("Stipulation") annexed hereto as Exhibit "A," that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown FLSA and/or NYLL related complaints, suits, actions, charges, claims or proceedings by Plaintiff against Defendants existing or which could exist as of the date of the execution of this Agreement.

    (b)    An order of final dismissal with prejudice shall be entered upon presentation of said Stipulation by Defendants to any court of competent jurisdiction, administrative agency or other forum where any claim is made or any relief or recovery is sought by, relating to or on behalf of Plaintiff or Defendants in relation to the claims released herein.

(c) Plaintiff and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the withdrawal and dismissal of the Lawsuit or agency or arbitral proceedings.

(d) Except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiff shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiff's behalf any claim whatsoever, whether in an individual, class or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants arising from the claims released herein; and,

(e) Plaintiff will not accept any award or settlement from any source or proceeding brought by any other person or by any government agency with respect to any FLSA or NYLL claim or right waived in this Agreement (and all monies paid hereunder will be set off against any relief or recovery from Defendants not barred by this Agreement).

3. **Release by the Plaintiff.**

(a) Provided that this Agreement is approved by the Court, in consideration of the promises made by Defendants in this Agreement, Plaintiff releases and forever discharges Defendants from all claims raised or which could have been raised in the Lawsuit arising under the Fair Labor Standards Act and the New York Labor Law. Plaintiff agrees that she is releasing and waiving all claims she could assert against Defendants under the Fair Labor Standards Act and New York Labor Law, and any and all claims which Plaintiff asserted or could assert against Defendants relating to wages arising under federal or state statutory or common law, including claims of retaliation.

(b) Provided that this Agreement is approved by the Court, Plaintiff understands and agrees that she may not reinstate the claims that she has brought in the Lawsuit or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants except in an action instituted by either party alleging a breach of this Agreement. Plaintiff further acknowledges and agrees that the Waiver and Release is an essential and material term of this Agreement and that no settlement could have been reached by the Parties without this term. Plaintiff further warrants and represents that Plaintiff's counsel has advised her regarding the release in this Section.

(c) In the event any class or collective action brought against Defendants with regard to the released claims includes or may include Plaintiff, the Release given by Plaintiff herein shall operate as the Plaintiff's waiver of all rights to be a class member or to recover any damages.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff, including the release of all claims relating to the Lawsuit that Plaintiff has or may have against Defendants, The Grand Prospect Hall agrees to pay to Ms. Daniel the gross sum of Twenty-Two Thousand Five Hundred Dollars and No Cents ($22,500) (the "Payment"), within twenty (20) days of the Effective Date of this Agreement, which shall be apportioned among Plaintiff and

Plaintiff's counsel and payable as follows as set forth below:

(i) The sum of Seven Thousand Two Hundred and Eighty-Eight Dollars and Sixteen Cents ($7,288.16) as and for purported lost wages and benefits, payable to the order of Esther Daniel from which estimated deductions will be made for taxes and other withholdings based upon Ms. Daniel's last W-4 form on file with The Grand Prospect Hall, and for which a W-2 tax form will be issued to Ms. Daniel;

(ii) The sum of Seven Thousand Two Hundred and Eighty-Eight Dollars and Sixteen Cents ($7,288.16) as and for purported liquidated damages and statutory damages payable to the order of Esther Daniel from which no deductions will be made for taxes or other withholdings, but for which a 1099 tax form will be issued to Ms. Daniel;

(ii) The sum of Seven Thousand Nine Hundred and Twenty-Three Dollars and Zero Cents ($7,923.68), payable to the order of "Pelton Graham LLC" to be allocated costs and expenses and attorneys' fees

(b) The "Effective Date" refers to the date this Agreement is effective, which shall occur when all of the following events have occurred, all of which the Parties agree constitute conditions precedent to Defendants issuing payment:

(i) Defense counsel's receipt of the Agreement signed by Plaintiff;

(ii) Defense counsel's receipt of the Stipulation and Order of Dismissal with Prejudice fully executed by the Parties and "So-Ordered" by the Court;

(iii) An executed W-9 on behalf of Plaintiff;

(iv) An executed W-9 on behalf of the Pelton Graham LLC; and

(v) Entry of an order by the Court approving this agreement and dismissing the Lawsuit with prejudice.

(c) The Payment set forth in this Paragraph represents a complete settlement, release and waiver of all claims under the Fair Labor Standards Act and New York Labor Law for alleged lost wages; attorney's fees; costs; and, any other relief of any kind that were raised or could have been raised in the Lawsuit with respect to wage related claims.

(d) The Parties agree that should any federal, state or local taxes be determined to be owing by Plaintiff on the payment of the sums received by Plaintiff under this paragraph, he shall be solely and completely responsible for her share of taxes, interest or penalties. The Settlement Payment made pursuant to this Agreement cannot be construed as an admission of liability regardless of the method of payment. Plaintiff understands and agrees that no representation is

made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement.

(e)  Plaintiff agrees to indemnify Defendants and to hold Defendants harmless for her share of taxes, penalties and interest arising as a consequence of the monies paid to Plaintiff pursuant to this Agreement.

5.  **No Other Entitlement.**

(a)  Plaintiff affirms that she has been paid and has received all compensation, wages, bonuses, commissions, benefits and other monies to which she was entitled under the Fair Labor Standards Act and New York Labor Law and that no other compensation, wages, bonuses, commissions, benefits or other monies are due with regard to Plaintiff's claims under the Fair Labor Standards Act and New York Labor Law, except as set forth in Paragraph 4 of this Agreement.

(b)  Plaintiff states that she has no intention of applying for employment with Defendants in the future. Defendants state that they have no intention of seeking Plaintiff's services in the future.

(c)  Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made concerning wage claims included in the Release, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

6.  **Non-Admission of Wrongdoing.**

Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants. Similarly, this Agreement shall not be considered an admission by Plaintiff that his claims lack merit.

7.  **Non-Disparagement.**

The Parties agree that Plaintiff shall not communicate or publish, directly or indirectly, any disparaging comments or information about the Defendants. However, the parties agree that Plaintiff may make truthful statements about the instant litigation, her claims in the litigation and this Agreement without violating this Paragraph. Both Plaintiff and Defendants agree that neither Party shall make any statement to the media relative to this settlement

8.  **Severability and Modification.**

If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, Plaintiff and Defendants both agree that they will, to the extent feasible, work to draft replacement provisions that are valid and enforceable, or to exclude such provision.

9. **Resolution of Disputes.**

Any controversy or claims relating to this Agreement shall be resolved in a proceeding held in and before the United States District Court for the Eastern District of New York.

10. **Approval Procedure.**

All terms of this Agreement are contingent upon approval by the Court of the Agreement and Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit "A." The Parties agree to submit a fully executed Agreement to the Court, in conjunction with an executed Stipulation of Dismissal attached as Exhibit "A." If the Court for any reason does not approve the Agreement in the form agreed to by the Parties, or for any reason fails to dismiss the claims of Plaintiff substantially in the form of attached Exhibit "A" or if the dismissal is reversed, modified or declared or rendered void, the Parties will meet and confer to address the concerns of the Court to seek an Agreement that is satisfactory to the Court. If the parties are unable to reach agreement through a meet and confer process, the entire Agreement will be null and void, and neither this Agreement, nor any related negotiations or proceedings, shall be of any force or effect, and the Parties shall stand in the same position, without prejudice, as if the Agreement had not been entered or filed with the Court.

11. **Section Headings.**

Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12. **Entire Agreement.**

(a) This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses), represents the complete understanding between Plaintiff and Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential <u>wage related claims</u>, whether known or unknown, that Plaintiff may have against Defendants.

(b) No other promises or agreements shall be binding or shall modify this Agreement.

(c) Plaintiff acknowledges that she has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

13. **Competence to Waive Claims.**

Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired such that they lack a clear and complete understanding of this Agreement. Plaintiff affirms that she is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff. Plaintiff confirms that she is not Medicare eligible.

**14.    Remedies for Breach.**

The parties agree, and the Court, in approving this settlement agreement, retains jurisdiction to resolve any breach or disputes arising from this settlement agreement.

**15.    Counterparts.**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

**16.    Execution.**

The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by Plaintiff's counsel, Brent Pelton, Esq. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all wage claims that Plaintiff possibly could have against Defendants and is fully satisfied with the advice and counsel provided by Brent Pelton, Esq.

ESTHER DANIELS HAS BEEN ADVISED IN WRITING THAT SHE HAD A REASONABLE TIME TO CONSIDER THIS AGREEMENT AND CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND THAT SHE HAS DONE SO AND THAT SHE IS SATISFIED WITH THE ADVICE AND REPRESENTATION OF HER ATTORNEY, BRENT PELTON, ESQ.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, ESTHER DANIELS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS UNDER THE FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW, AND ANY AND ALL CLAIMS WHICH SHE ASSERTED OR COULD ASSERT AGAINST DEFENDANTS RELATING TO WAGES ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, INCLUDING CLAIMS OF RETALIATION THAT SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: August____, 2017

By: *[signature: Esther Daniel]*
    ESTHER DANIEL


Dated: August___, 2017

PROSPECT HALL CATERERS, INC.
d/b/a THE GRAND PROSPECT HALL


By: _____

    Name: _____

    Title: _____